**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVINDER PAL SINGH MATTU (A No. 245-435-863), <br><br> Petitioner, <br><br> v. <br><br> WOFFARD, et al., <br><br> Respondents. | Case No. 1:26-cv-02685-JLT-EPG <br><br> ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING <br><br> (Doc. 1) |

## I.   INTRODUCTION

Before the Court is Davinder Pal Singh Mattu's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition (Doc. 1).

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of India who entered the United States unlawfully on or around November 6, 2023, where he was encountered by Border Patrol and subsequently released on his own recognizance. (*See* Doc. 1 at 2; Doc. 6-1 at 3.) On November 7, 2023, Petitioner received a Notice to Appear charging him as removable under the Immigration and Nationality Act § 212(a)(6)(A)(i). (Doc. 6-2 at 1.) Petitioner is not subject to a final order of removal and has a pending asylum application before the immigration court.[1] (*See* Doc. 1 at 2.)

Petitioner claims to have "no criminal history," "no criminal convictions," and "presents no danger to the community." (Doc. 1 at 2–3.) While Petitioner currently has no pending criminal charges or criminal convictions, (*see* Doc. 6-1 at 3), he has been the subject of multiple arrests. Petitioner indicates that "[i]n late October 2024, while in New England, [he] was stopped and arrested by Border Patrol and [] detained until December 2024." (Doc. 1 at 2.) The I-213 provided by the government provides further details regarding this arrest. (*See* Doc. 6-1 at 3.) Specifically, the I-213 indicates that this arrest occurred on October 31, 2024, near Newport, Vermont because Petitioner was "suspected of being involved in human smuggling." (*Id.*) The I-213 further indicates that Petitioner was released on bond on December 23, 2024. (*Id.*)

According to Petitioner, after his release on December 2024, Petitioner moved to California but did not re-establish contact with Immigration and Customs Enforcement ("ICE") during this time. (Doc. 1 at 2.) Petitioner claims that "due to [this] change in [] address [], [he] was not receiving mail related to his immigration case." (*Id.*) On February 22, 2026, ICE re-detained the Petitioner on suspicion of being involved in a transnational organized criminal gang

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened on around November 27, 2023, and is currently pending with an upcoming hearing scheduled for May 13, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 6, 2026).

and canceled Petitioner's release on bond.[2] (*See* Doc. 6-1 at 2–3.) Petitioner is currently detained at Mesa Verde Detention Center in Bakersfield, California. (Doc. 1 at 3.) On April 9, 2026, Petitioner filed his petition for writ of habeas corpus. (Doc. 1.) On April 30, 2026, Respondents filed a response to the petition, (Doc. 6), and on May 6, 2026, Petitioner filed a reply. (Doc. 7.)

## IV.   DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 6 at 2–3.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

---

[2] Petitioner claims that on February 22, 2026, he was arrested while traveling as a passenger in a vehicle, was not given a written explanation for his arrest, and was taken to the Sacramento ICE office for processing. (Doc. 1 at 2–3.) The I-213 indicates that the day of Petitioner's arrest, immigration officials were conducting a large-scale federal investigation into the Indian Transnational Organized Criminal Gang called the Mundi Group—the subject of a recent shooting which occurred on November 28, 2025, where Mundi Group members fired 139 pistol rounds into an occupied dwelling in Vacaville, CA. (Doc. 6-1 at 2.) "On February 22, 2026, . . . officers were attempting to locate [Petitioner] at his last known address . . . in Sacramento, CA. Officers observed an adult male matching the description of [Petitioner] enter the passenger side door of a red sedan parked on the street. The vehicle departed . . . A vehicle stop was conducted . . . Upon contact, officers identified themselves as Immigration agents. [Petitioner] showed officers his California driver's license . . . At that time, [Petitioner] was taken into custody without incident and transported to the Sacramento ICE/ ERO office." (*Id*. at 3.) The I-213 further states: "Through a federal investigation lead by the FBI, it was determined that Mattu is involved in organized criminal street gang activity." (*Id*.)

In their response, Respondents also argue that Petitioner's recent encounter with law enforcement terminated his prior release on bond because Petitioner "is suspected of having ties to a transnational organized criminal gang." (Doc. 6 at 4.) In the reply, Petitioner argues that his arrest on suspicion of gang activity does not justify his deprivation of liberty. (Doc. 7 at 2–3.) Specifically, Petitioner argues that the "I-213 contains no factual allegations describing Petitioner personally committing any violent act, possessing any weapons, participating in any shooting, or engaging in any criminal conduct whatsoever." (*Id*. at 3.) In resolving this issue, the Court finds *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77, 1205–06 (N.D. Cal. 2017) persuasive.

In *Saravia*, the court granted a motion for preliminary injunction requiring prompt bond hearings on behalf of a class of noncitizen minors who were formerly released on parole but then re-detained based solely on allegations of gang affiliation. *Id*. at 1177, 1205–06. The court explained that the government's prior release of these individuals "reflect[ed] a determination by the government that the noncitizen [was] not a danger to the community or a flight risk." *Id*. at 1176. As such, the court found that "for any noncitizen minor previously placed with a sponsor who has been arrested on allegations of gang activity, the government is ordered to provide a hearing before an immigration judge . . . to allow the minor . . . to contest the government's evidence of changed circumstances." *Id*. at 1177.

Similarly, Petitioner was encountered by immigration officials upon entry into the United States and released on his own recognizance. (Doc. 1 at 2; Doc. 6-1 at 3.) Such release reflected a determination that Petitioner was not a flight risk or danger. *Ortiz Donis*, 2025 WL 2879514, at *1 (citing 8 C.F.R. § 1236.1(c)(8)). Now the government claims that "federal investigation lead by the FBI, . . . determined that [Petitioner] is involved in organized criminal street gang activity." (Doc. 6-1 at 3.) Accordingly, the government's decision to re-detain the Petitioner years later based on suspicion of gang-affiliated criminal activity must be "put to the test" at a hearing before an immigration judge where "federal agents must be able to present evidence of materially changed circumstances." *Saravia*, 280 F. Supp. 3d at 1176, 1177. As the Court in *Saravia* best explained:

> The issue in this case is not whether federal agents may arrest and detain undocumented [individuals] who truly are members of dangerous criminal gangs. If federal agents have probable cause to believe that a[n] [individual] is a member of a criminal gang, certainly that could be a "changed circumstance" that would justify detention, even if the government had previously determined that the [individual] was not dangerous. But there is no reason to deny these [individuals] protections that noncitizens typically get after having been released on bond or parole. The[se] [individuals] . . . have the right to participate in a prompt hearing before an immigration judge in which the government's evidence of changed circumstances is put to the test.

*Saravia*, 280 F. Supp. 3d at 1177. Thus, while there currently are no pending charges or convictions regarding Petitioner's suspected criminal gang activity, the Court finds that the appropriate remedy is a bond hearing where the government bears the burden of proving a material change in circumstances such that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

4. The Clerk of Court is directed to serve a copy of this order on Mesa Verde

Detention Center in Bakersfield, California.

     5.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **May 7, 2026**

                                 UNITED STATES DISTRICT JUDGE